Judge Haggin
delivered the opinion of the Court.*
William and Samuel Bowen prosecuted an action of covenant against Burnet Marshall, administrator of James, Wilson, and recovered ajudgment, in the record of which many errors are assigned; but we deem it necessary only to enquire into those which relate to the declaration. The deed upon which the suit is founded, has not been made a part of the record, and we only know of it what we find in the declaration.
It is declared that the intestate of one part, and the plaintiffs of the other, entered into an indenture, by which, among other things, the intestate covenanted to and with the plaintiffs, against all actions, suits, judgments, &c. brought, or to be brought, or recovered, against the steam-boat Henderson, which had been partly owned by Wilson, or by any person belonging to the firm of Wilson, Marshall and Company; also, against actions, &c. which had been brought or might b,e recovered by J. Anderson, who was the assignee of Pren-tiss and Bakewell, against the steam-boat Henderson, in the district of Louisiana; also, against all suits, &c. for money owing to Prentiss and Bakewell, by the steamboat Henderson, on account of its purchase; also, against all costs which might be recovered against the owners of the steam-boat Henderson, in suits brought by them against Prentiss, Bakewell and Henderson.
It is difficult to determine, from this declaration, whether persons belonging to the firm of Wilson, Marshall and Company, were to be plaintiffs or defendants *87 in the suit contemplated by the first stipulation; and in that the declaration might be held defective. But the assignment of breaches, renders it unnecessary to take further notice of that exception.
®ut where ¡¿enT bv'oon-taiuing stipulations a-|oi"ssts„¡1tsac’' judgments’ &c. brought ?rt0 shows the parties un-hacfberai8Uita commenced and that oth-would bo JJe Covenant is to be con-str.ueiJ a-the suits.
In assigning a covenant of° the vendor of a boat, a-l^tT^c^for money owing by the boat count ofits&' purchase,” to alleS®.thai £cen°com-at menccd by ?u.oh P«rf°n, ]®ias”staia“t; pear to have been on ac-purchase**10
These are not by any means perspicuous, and less so, by reason of a recital and repetition of the words of the covenant — a mode of declaring not to be admired, Much perplexity, however, arises from the difficulty of deciding to what stipulations the particular breaches are applicable. Passing over the obscurity resulting from inattention to order in this respect, and which it is the duty of all courts, as far as possible, to overlook; yetdhe assignments of breaches are mostly, if not all of them, insufficient. They, in some things, repeat; but other substantial provisions are omitted. Thus, the first assignment says, that “ the defendant and his intestate have not kept the conditions of their covenant; but the same have been violated in this, to wit, the said James Wilson did not keep the plaintiffs clear of all actions, suits, &c. that might or may have been instituted or recovered for the non-payment of any sum or sums of money due or owing, or which may be due and owing to Prentiss and Bakewell.”
It is very certain, that where a covenant is made to save the covenantee from any suit, that the commencement ofa suitfor just cause,is a breach of the covenant,
But the parties to this contract seem to have been conscious that suits had been brought, and that others would be instituted, and their stipulations are to be construed to indemnify against the effects of those suits. It was no breach, therefore, on the part of Wilson, that such suits were pending, or afterwards and surely Wilson was not bound to pay all sums of money due and owing Prentiss and Bakewell. On the contrary, the stipulation in relation to the demand 0f Prentiss and Bakewell, requires payment of the money due them by the steam-hoat, and for its purchase.
It is subsequently averred, however, that the plaintiffs had been sued on two notes or bonds, amounting to $500, which Prentiss and Bakewell held upon the plaintiffs and other partners in the steam-boat company, Henderson; and we are not very sure that this was designed as another assignment of breach, or as explanatory of the first, nor is it material. Still, it does not appear that these notes were for the purchase of line boats
Where seve-are^sskmed some of which arede-fenerai ver-Sol UilL ^
Bibb, for plaintiffs; Sharp, for defendant.
The Subsequent assignments of breaches are,rin somte instances, equally objectionable. Indeed, they are more obviously defective. By the common law, if several breaches be assigned in covenant, some of which are defective, and a general verdict given, the judgment sh°u*d be arrested on motion, or reversed i* error; for ’the jury may have assessed damages upon the faulty breach. This rule has not been changed by any of our s^atu(:es °f amendment. See Hardin’s 489.
Judgment reversed with costs, cause remanded with leave to plaintiffs to amend their declaration, and further proceedings to be had not inconsistent with this opinion.

 Absent, Judge Davidge.